UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WARRICK R. ROUNDTREE, et al.,<br><br>Plaintiffs,<br>v.<br><br>ULTIMATE VACATION EXPERIENCE,<br><br>Defendant. | Case No. 2:17-cv-02390-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiffs Warrick R. Roundtree and Edith B. Roundtree's Response (ECF No. 8) to the court's Order to Show Cause (ECF No. 7). This Response is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## BACKGROUND

**I.    THE COMPLAINT (ECF NO. 1)**

Plaintiffs are Florida residents who are proceeding in this action pro se, meaning they are not represented by an attorney. They commenced this civil action on September 12, 2017, by filing the Complaint and paying the filing fee. The Complaint attaches what appears to be a demand letter addressed to defendant Ultimate Vacation Experience. The letter indicates Plaintiffs accepted an offer from defendant on March 23, 2015, for two promotional trips. The following day their Visa was charged $299. Plaintiffs were later informed of exorbitant fees and taxes attached to the vacations, which were not provided in writing or explained to them before they accepted the offer. They requested a refund within the time allowed in the cancellation policy. Plaintiffs allege they spoke with multiple employees of defendant over the phone, but none were willing to refund their money.

Plaintiffs claim they mailed a certified letter on March 30, 2015, notifying the defendant

of the cancellation. The postal service attempted to deliver the certified letter to the defendant's address in Las Vegas, Nevada, but the defendant refused to accept the letter. On April 14, 2015, their AMEX was charged an additional $319. Over a year later, in May 2016, Plaintiffs mailed another certified letter to the defendant requesting their money back, but the letter was returned weeks later stamped "Return to sender attempted unknown and unable to forward."

Plaintiffs claim the defendant breached the parties' contract by unjustly refusing to refund their money according to the cancelation provision. They claim they gave the defendant money under false pretenses. Plaintiffs ask the court for a $5,000 award, which includes reimbursement of $618 paid for the vacations and "damages from the mental stress and aggravation the defendant's conduct has caused."

## II.   NOTICE OF INTENT TO DISMISS (ECF NO. 4) AND PLAINTIFFS' RESPONSE (ECF NOS. 5, 6)

This case sat dormant for months after Plaintiffs filed the Complaint. No proof of service was filed within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.[1] On December 18, 2017, the Clerk of the Court filed a Notice of Intent to Dismiss (ECF No. 4). Rule 4(m) requires a plaintiff to serve the complaint on a defendant within 90 days after filing. More than 90 days had passed at the time the clerk issued the Notice, yet Plaintiffs had not filed proof of service for the defendant. The Notice informed Plaintiffs "this action may be dismissed without prejudice as to above parties unless proof of service is filed with the clerk by 01/17/2018" or good cause is shown why service was not made.

Plaintiffs responded to the Notice on January 2, 2018, objecting to dismissal (ECF Nos. 5 & 6). Plaintiffs state they mailed a certified letter on October 17, 2017, to the Clerk of Court and "Honorable Nora Barry Fischer" requesting to amend the Complaint to add defendants. However, there is no Judge Fischer in this district.[2] Plaintiffs seek to add as what they characterize as five entities/aliases for the originally named defendant: (1) Your Vacation Destination, (2) Ultimate Vegas Experience, (3) Time2 Getaway, LLC, (4) My VIP Vacations, and (5) Expo Housing

---

[1] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

[2] The court conducted a quick "Google" search and found that Judge Fischer is a United States District Judge of the United States District Court for the Western District of Pennsylvania. Judge Fischer is not assigned to this case, and it is not clear why Plaintiffs would address a letter to her about this case.

Services, LLC, and a number of individuals apparently associated with these entities as defendants. Plaintiffs contend that postal records show the clerk's office received their letter but they did not receive a response from the court giving them permission to move forward. Although Plaintiffs claim that they mailed a motion to amend to this court, their filing (ECF Nos. 5 & 6) does not attach a copy of their motion to amend. The response asked the court not to dismiss the case and to "reconsider" their request to amend the Complaint and add defendants.

### III.   ORDER TO SHOW CAUSE AND PLAINTIFFS' RESPONSE

On September 17, 2018, the court entered an Order to Show Cause (ECF No. 7) why this case should not be dismissed for (i) lack of subject matter jurisdiction, (ii) failure to timely serve the originally named defendant with summons and Complaint, and (iii) failure to file the certificate of interested parties as ordered. The court explained that a lack of subject matter jurisdiction was readily apparent from the allegations in the letter attached to the Complaint. *Id*. at 6. The Complaint does not allege any federal question and the amount in dispute clearly demonstrates that this court lacks diversity jurisdiction. However, before recommending that this case be dismissed, the court provided Plaintiffs an opportunity to show cause in writing why their Complaint should not be dismissed.

Plaintiffs filed a Response (ECF No. 8) to the Order to Show Cause on October 12, 2018. Plaintiffs plead with the court not to dismiss the case based on their "lack of knowledge pertaining to the court system." *Id*. at 1. The response states: "I understand now that the United States District Court has no jurisdiction to even hear our case…." *Id*. Plaintiffs failed to provide the court with a certificate of interested parties because they did not understand what that actually meant. *Id*. Plaintiffs assert they and served "all the defendants" with summons via mail and simply failed to provide the court with a certificate of service showing proof of mailing on December 29, 2017. *Id*. Plaintiffs further argue they "followed their rules" and contacted defendant and/or its alias entities "via certified mail in a timely manner." *Id*. at 2. Plaintiffs ask for an opportunity to file a complaint with the correct court using the correct documents. *Id*.

### DISCUSSION

As an initial matter, the court notes that defendant Ultimate Vacation Experience is the

only named defendant in this matter. Plaintiffs' response repeatedly refers to the defendant's purported alias entities as "defendants." However, the Order to Show Cause explained that Plaintiffs did not "amend a complaint by merely listing names of individuals or entities they want to sue." ECF No. 7 at 4. Rather, they are required to file an "amended complaint that establishes the court has jurisdiction over the subject matter of the case and personal jurisdiction over the individuals and entities plaintiffs want to sue." *Id*. This has not occurred. Therefore, this Report of Findings and Recommendation only discusses defendant Ultimate Vacation Experience.

For the reasons discussed below, the court recommends that this case be dismissed based on a lack of jurisdiction. Because the jurisdictional deficiency cannot be cured by amendment, the court recommends immediate dismissal. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that plaintiffs are typically given leave to amend a deficient complaint, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment).

Federal courts are courts of limited jurisdiction, which means they may only decide certain cases authorized by the Constitution and Congress. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proving that a case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). A district court *must* dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h).

A court's jurisdiction to resolve a case on its merits requires a showing of both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

There are two kinds of subject matter jurisdiction: federal question and diversity of citizenship. Plaintiffs' Complaint does not allege any federal question, that is, any claim arising out of a violation of federal law or the United States Constitution. To invoke this court's diversity jurisdiction, a plaintiff must specifically allege that (i) all parties are citizens of different states, and (ii) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Dismissal for lack of jurisdiction is appropriate if it appears to a legal certainty that a claim does not meet the jurisdictional threshold, even if the complaint alleges the full amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986).

Here, Plaintiffs have not met their burden of showing that this case is properly in federal court. *See McCauley*, 264 F.3d at 957. Although the parties' citizenship may be diverse, Plaintiffs did not allege the parties' citizenship in the Complaint. In addition, the monetary amount in controversy falls far short of the required $75,000. Plaintiffs seek a $5,000 award in this action, which includes reimbursement of the $618 they paid and "damages from the mental stress and aggravation the defendant's conduct has caused." It appears to a legal certainty that Plaintiffs cannot establish the minimum amount required for diversity jurisdiction. Plaintiffs' Response (ECF No. 8) to the Order to Show Cause also acknowledges that "the United States District Court has no jurisdiction to even hear our case." Because this court lacks jurisdiction, it has no further power to act in this case. *See Guerra*, 504 F. Supp. 2d at 1017–18.

Dismissal of this case is also warranted because the defendant was not properly served with summons, and the court therefore lacks personal jurisdiction over the defendant. Due process requires that a defendant be given notice reasonably calculated under the totality of the circumstances to inform him of a pending action and allow him an opportunity to respond and present objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100,

1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). If personal service is required, "failure to perfect it is fatal to a lawsuit." *Id*. at 597 (citing *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)). A federal court lacks personal jurisdiction over a defendant unless the defendant has been properly served. *Ross*, 504 F.3d at 1138; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

"The Federal Rules of Civil Procedure govern service of process in federal court." *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017). Rule 4 requires a plaintiff to complete *personal* service of the summons and complaint to a corporation, unless the corporation waives service. Fed. R. Civ. P. 4(d), (e), (h). A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process," or in the manner that individuals are served pursuant to Rule 4(e)(1). Fed. R. Civ. P. 4(h). Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P. 4(e). Nevada law requires personal service of the summons and complaint to both individuals and corporations by any of the personal delivery methods authorized in the federal Rules, but not regular or certified mail. Nev. R. Civ. P. 4(d)(1), (6); NRS 14.020. Accordingly, courts in this district have found that attempts to serve corporate defendants by certified mail are deficient under both federal and Nevada law.[3]

Service of court documents *other than process* is less formal. The term "process" includes, but is not limited to, summonses, subpoenas, and certain court orders such as civil contempt orders.

---

[3] *See, e.g.*, *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *3 (D. Nev. Nov. 21, 2014) ("The Nevada Rules of Civil Procedure generally do not allow for service by mail to Nevada corporations; service must be made to the corporation's registered agent or to any officer of the corporation."); *Bonavito v. Nevada Prop. 1 LLC*, No. 2:13-cv-417-JAD-CWH, 2013 WL 5758129, at *1–2 (D. Nev. Oct. 21, 2013); *Viloria v. Premium Capital Funding LLC*, No. 2:12-cv-00406-KJD-PAL, 2012 WL 4361252, at *2 (D. Nev. Sept. 20, 2012).

Fed. R. Civ. P. 4, 4.1, 45.  When service of process occurs within the United States, proof of service must be made to the court by the server's affidavit.  Fed. R. Civ. P. 4(*l*)(1).  A party may serve all other court "papers" via multiple delivery methods, including regular mail, personal delivery, and electronic means such as the court's electronic filing system.  Fed. R. Civ. P. 5(a), (b).  The Rules require a party to show proof of service for all other court documents through a "certificate of service."  Fed. R. Civ. P. 5(d).  A certificate of service is a disclosure statement indicating how a party served a document on other parties.  LR IC 4-1(d).  All documents filed with the court must be must accompanied by a certificate of service.  LR IC 4-1(d).

Here, the response confirms that Plaintiffs did not properly serve the defendant.  Plaintiffs represent they "did in fact mail all of the Defendants a copy of the Summons In A Civil Action document on December 29, 2017."  ECF No. 8 at 1.  They simply failed to provide the court with a certificate of service showing proof of mailing.  *Id*.  Plaintiffs were not authorized under federal or Nevada law, or by court order, to serve the defendant with process via mail.  Fed. R. Civ. P. 4(h); Nev. R. Civ. P. 4(d)(1), (6); NRS 14.020.  Plaintiffs indicate they "followed their rules" and contacted defendant and/or its alias entities "via certified mail in a timely manner."  *Id*. at 2.  This statement suggests Plaintiffs may have attempted to comply with a contract provision to notify the defendant of this lawsuit.  However, certified mail is not sufficient to accomplish personal service under the applicable standards.  The court therefore lacks personal jurisdiction over the defendant.

For the reasons stated, the court recommends that Plaintiffs' Complaint be dismissed without prejudice.  Based on this court's lack of jurisdiction over their dispute, dismissal would be without prejudice to Plaintiffs' ability to file an action in the correct court.[4]  Plaintiffs response to the Order to Show Cause asks that the court "give us the opportunity to correct our mistakes and allow us to file our complaint in the correct court using the correct documents."  ECF No. 8 at 2.  The court finds only that this court lacks jurisdiction over their case, and this Report of Findings and Recommendation does not prevent Plaintiffs from taking whatever further action they deem

---

[4] Plaintiffs are advised to familiarize themselves with the Nevada court system and relevant state law as much as possible.  They may also be able to participate in the Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.  Information about the Ask-A-Lawyer program and other self-help resources are available on the Legal Aid Center of Southern Nevada's website at http://www.lacsn.org or by calling 702-386-1070.

7

appropriate to file their case in an appropriate judicial forum.

The court appreciates that pro se parties may experience great difficulties litigating their claims, and that Plaintiffs are frustrated with the delay in discovering the lack of jurisdiction. Unfortunately, the court's time and resources are divided among hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency,[5] all motions and documents filed in civil cases are processed in the order in which they are filed. The court assures Plaintiffs that it works diligently to ensure that cases are timely addressed.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiffs Warrick R. Roundtree and Edith B. Roundtree's Complaint be **DISMISSED without prejudice** for a lack of jurisdiction.
2. The Clerk of Court be instructed to close this case and enter judgment accordingly.

Dated this 24th day of October 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The

---

[5] LR 7-4 of the Local Rules of Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands*, *Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.